# Exhibit A

THIS PAGE IS PART OF THE
SERVICE OF PROCESS DOCUMENT

DO NOT REMOVE

RECEIVED

APR 11 2013
53928-020
WELLS FARGO
LAW DEPT. DSM

AM-5

673799 (old #445492)

# Legal Order Processing
# Fax Cover Sheet



**TO:** Subpoena Processing       FAX (866) 359-0145

**Note:** Only bank officers or designated team members who have authority to accept legal orders and not documented in the Special Authorities/Responsibility/Restrictions section of their authority card can accept legal orders.

1. Immediately upon receipt, complete the following information for each legal order received.

**Type of Legal Order Received:**  ☐ Subpoena's   ☒ Search Warrants   ☐ IRS Summonses

**Store name:** SAN JOSE MAIN         **Phone:** 4082776 5

**MAC:** A0503-011    **AU:** 0460

**Team member's name that was served the legal order:** SAWATHY TUTOP

**Date the legal order was served:** 04-08-13

**How was the legal order served?**  ☒ In Person   Received via mail   ☐ Other
  ☐ Regular mail
  ☐ Certified mail
  ☐ Overnight (e.g. DHL) mail

**Time the legal order was served:** 9:50

2. Fax this cover page along with a copy of all documents pertaining to the legal order, to Subpoena Processing using the fax number indicated above. Forward the following to the Subpoena Processing Department at MAC S3928-020.

   • All original documents (including the envelope if the legal order was served via mail).
   • Any Payment received. Note: If cash is received, convert the cash to a Branch Settlement ticket prior to sending.

Questions - Contact the Legal Order Processing Department at (480) 724-2000

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

(ENDORSED)
FILED
APR -4 2013

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Wells Fargo Bank, National Association an FDIC insured corporation and DOES 1 through 100 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Temini Adger

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 o más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| CASE NUMBER: (Número del Caso): | 113CV244154 |
|---|---|

The name and address of the court is:
*(El nombre y dirección de la corte es):* Santa Clara

191 North First Street
San Jose, CA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Elliot Gale, 333 West San Carlos Street, Suite 620 San Jose, CA 95110, 1-408-279-2288

DATE: April 4, 2013                    Clerk, by C.A. Pinacate , Deputy
*(Fecha)*                              *(Secretario)*                    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): Wells Fargo Bank, National Association

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>SCOTT J. SAGARIA (BAR #217981)<br>ELLIOT W. GALE (#263326)<br>SAGARIA LAW, P.C.<br>333 West San Carlos Street, Suite 1750 San Jose, CA 95110<br>TELEPHONE NO.: 408-279-2288   FAX NO.: 408-279-2299<br>ATTORNEY FOR *(Name):* Temina Adger | **FOR COURT USE ONLY**<br>(ENDORSED)<br>FILED<br>APR -4 2013 |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Santa Clara<br>STREET ADDRESS: 191 North First Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Jose 95113<br>BRANCH NAME: Civil | |
| **CASE NAME:**<br>Temina Adger v. Wells Fargo Bank, National Association | |
| **CIVIL CASE COVER SHEET**   **Complex Case Designation**<br>☐ Unlimited  ☑ Limited   ☐ Counter  ☐ Joinder<br>(Amount  (Amount<br>demanded  demanded is   Filed with first appearance by defendant<br>exceeds $25,000)  $25,000 or less)   (Cal. Rules of Court, rule 3.402) | **CASE NUMBER:** 113CV204156<br>**JUDGE:**<br>**DEPT:** |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

   **Auto Tort**
   ☐ Auto (22)
   ☐ Uninsured motorist (46)

   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   ☐ Asbestos (04)
   ☐ Product liability (24)
   ☐ Medical malpractice (45)
   ☐ Other PI/PD/WD (23)

   **Non-PI/PD/WD (Other) Tort**
   ☑ Business tort/unfair business practice (07)
   ☐ Civil rights (08)
   ☐ Defamation (13)
   ☐ Fraud (16)
   ☐ Intellectual property (19)
   ☐ Professional negligence (25)
   ☐ Other non-PI/PD/WD tort (35)

   **Employment**
   ☐ Wrongful termination (36)
   ☐ Other employment (15)

   **Contract**
   ☐ Breach of contract/warranty (06)
   ☐ Rule 3.740 collections (09)
   ☐ Other collections (09)
   ☐ Insurance coverage (18)
   ☐ Other contract (37)

   **Real Property**
   ☐ Eminent domain/Inverse condemnation (14)
   ☐ Wrongful eviction (33)
   ☐ Other real property (26)

   **Unlawful Detainer**
   ☐ Commercial (31)
   ☐ Residential (32)
   ☐ Drugs (38)

   **Judicial Review**
   ☐ Asset forfeiture (05)
   ☐ Petition re: arbitration award (11)
   ☐ Writ of mandate (02)
   ☐ Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   ☐ Antitrust/Trade regulation (03)
   ☐ Construction defect (10)
   ☐ Mass tort (40)
   ☐ Securities litigation (28)
   ☐ Environmental/Toxic tort (30)
   ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

   **Enforcement of Judgment**
   ☐ Enforcement of judgment (20)

   **Miscellaneous Civil Complaint**
   ☐ RICO (27)
   ☐ Other complaint *(not specified above)* (42)

   **Miscellaneous Civil Petition**
   ☐ Partnership and corporate governance (21)
   ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.☑ monetary  b.☑ nonmonetary; declaratory or injunctive relief  c.☐ punitive
4. Number of causes of action *(specify):* Two
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 4, 2013

Elliot Gale
(TYPE OR PRINT NAME)   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use   **CIVIL CASE COVER SHEET**   Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Judicial Council of California   Cal. Standards of Judicial Administration, std. 3.10
CM-010 [Rev. July 1, 2007]   www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

Page 2 of 2

CM-010 [Rev. July 1, 2007]

## CIVIL CASE COVER SHEET

```
 1  SCOTT J. SAGARIA (BAR # 217981)
    SJSagaria@sagarialaw.com
 2  ELLIOT W. GALE (BAR #263326)
    Egale@sagarialaw.com
 3  SAGARIA LAW, P.C.
    333 West San Carlos Street, Suite 620
 4  San Jose, CA 95110
    408-279-2288 ph
 5  408-279-2299 fax

 6  Attorneys for Plaintiff
```

(ENDORSED) FILED
APR -4 2013

≤ $10,000

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF SANTA CLARA
### LIMITED JURISDICTION

CASE NO.: 113CV244154

TEMINA ADGER,

    Plaintiff,

v.

WELLS FARGO BANK, NATIONAL ASSOCIATION an FDIC insured corporation and DOES 1 through 100 inclusive,

    Defendants.

COMPLAINT FOR DAMAGES:

1. Violation of Fair Credit Reporting Act;
2. Violation of California Consumer Credit Reporting Agencies Act;
3. Violation of California Unfair Business Practices Act

COMES NOW Plaintiff TEMINA ADGER an individual, based on information and belief, to allege as follows:

COMPLAINT - 1

## INTRODUCTION

1. This action seeks redress for the unlawful and deceptive practices committed by the Defendants in connection with their inaccurate reporting of a prepetition debt discharged in bankruptcy. In particular, Defendants' conduct involves reporting inaccurate overdue payments to the credit reporting agencies ("CRA's") Experian, Equifax, and Transunion after receiving notice of Plaintiff's bankruptcy discharge. In addition, Defendant failed to report the debt as disputed to the CRA's. Plaintiff seeks monetary and declaratory relief based on violations of Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b), California Consumer Credit Reporting Act, California Civil Code §1785.25(a), and California Business and Professions Code § 17200.

## JURISDICTION AND VENUE

2. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, fully set forth herein.

3. Plaintiff, Temina Adger (hereinafter "Plaintiff"), is an individual and currently resides in the county of Santa Clara, California.

4. This venue is proper pursuant to California Code of Civil Procedure § 395.5.

5. This Court has jurisdiction over Plaintiff's allegations pursuant to California Code of Civil Procedure § 410.10 et seq.

6. Plaintiff is a natural person and competent adult who at all relevant times in this Complaint resided in the State of California.

7. Defendant Wells Fargo Bank, National Association (hereinafter "Creditor") is located at 101 N. Phillips Avenue Sioux Falls S.D. 57104. Creditor collects debts on its own behalf throughout the state of California.

8. Plaintiff is unaware of the true names and capacities of Defendants DOES 1 through 100, inclusive. Plaintiff is informed and believes and thereon alleges that each fictitious Defendant was in some way responsible for the matters and things complained of herein, and in some fashion, has legal responsibility therefore. When the exact nature and identity of each fictitious Defendant's responsibility for the matters and things herein alleged are ascertained by Plaintiff, Plaintiff will seek to amend this Complaint

1  and all proceedings to set forth the same, pursuant to California Code of Civil
2  Procedure 474.
3  9. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned
4  herein, each of Defendant is, and at all relevant times herein was, the agent, employee,
5  and alter ego of each of the remaining Co-Defendants, and in committing the acts
6  herein alleged, was acting in the scope of their authority as such agents, employees, or
7  alter egos and with the permission and consent of the remaining Co-Defendants.

## PRE-LITIGATION CLAIM FILINGS

10. On or about October 1, 2012 Plaintiff sent a written notice to Experian, Transunion, and Equifax disputing the accuracy of the "charge off" notation reported on Plaintiff's discharged credit account. Pursuant to Section 1681i(a)(2) of the Fair Credit Reporting Act, all three CRA's notified Creditor of Plaintiff's dispute. After receiving notice of Plaintiff's allegations, Creditor continued reporting the inaccurate "charge off" notation to all three CRA's while also failing to report that Plaintiff disputed the account information.

## GENERAL ALLEGATIONS

11. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

12. On or about December 1, 2003 Plaintiff opened a credit card account with Creditor account with Creditor.

13. On September 29, 2009 Plaintiff filed a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Northern District of California.

14. On January 8, 2010 Plaintiff was granted a discharge of all dischargeable debts pursuant to 11 U.S.C. § 727. Plaintiff alleges that this Discharge order included the pre-petition debt owed to Creditor.

15. On October 25, 2011 Plaintiff pulled credit reports from Experian, Equifax, and Transunion to ensure accurate reporting. The reports indicates that Creditor reported a "charge off" notation on Plaintiff's credit account to all three CRA's after entry of the discharge order.

COMPLAINT - 3

16. Plaintiff alleges the information was misleading and inaccurate. Plaintiff alleges the "charge off" notation was inaccurate because it suggests that the account Defendant still has the ability to enforce the debt personally against Plaintiff. Plaintiff alleges that the "charge off" notation was also inaccurate because it violates the industry standard for credit reporting under the Metro 2 Format. Plaintiff alleges that upon entry of the discharge order, Defendant instead should have reported a "no data" notation in the payment history section of Plaintiff's credit reports.

17. On or about October 1, 2012 Plaintiff sent a letter to the CRA's Experian, Transunion, and Equifax requesting a formal, full, and complete investigation of Creditor's account with Plaintiff. Specifically, Plaintiff disputed the accuracy of the "charge off" notation Creditor reported on the account because the pre-petition debt was included in the discharge order. Plaintiff alleges all three CRA's sent notice of Plaintiff's dispute to Creditor.

18. On or about November 6, 2012 Plaintiff received a reinvestigation report from the CRA Equifax. Plaintiff alleges the report indicates that Creditor continued reporting the inaccurate "charge off" notation.

19. On or about February 1, 2013 Plaintiff received subsequent credit reports from Equifax, Experian, and Transunion. Plaintiff alleges the reports indicate Creditor continued reporting the inaccurate "charge off" notation while also failing to report that Plaintiff disputed the account information.

20. To date, Creditor still refuses to correct Plaintiff's credit report despite being noticed of the original bankruptcy and re-noticed of its inaccurate reporting from Experian, Equifax, and Transunion.

21. The actions of Creditor as alleged herein are acts in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b).

22. The actions of Creditors as alleged herein are acts in violation of the consumer credit reporting agencies act California Civil Code § 1785.25(a).

23. The actions of Creditors as alleged herein are acts in violation of the California Business and Professions Code § 17200.

COMPLAINT - 4

## FIRST CAUSE OF ACTION
(Violation Of Fair Credit Reporting Act
15 U.S.C. § 1681s-2(b))
(Against Defendant Creditor and Does 1-100)

24. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

25. Creditor, in the course of regular business, reports information to credit reporting agencies.

26. Plaintiff promptly disputed Creditor's inaccurate reporting with Experian, Transunion, and Equifax. All three CRA's sent notice of Plaintiff's dispute to Creditor pursuant to Section 1681i(a)(2) of the Fair Credit Reporting Act. Creditor was thereafter under a duty to reasonably investigate Plaintiffs dispute pursuant to Section 1681s-2(b).

27. Plaintiff alleges that Creditor's investigation of Plaintiff's dispute with Experian was unreasonable. More specifically, Creditor should have discovered from its records, including the disputes and the credit reporting resource guide, that the "charge off" notation was inaccurate because the prepetition debt was included in Plaintiff's bankruptcy discharge.

28. Plaintiff is informed that Creditor separately violated Section 1681s-2(b) by failing to report to all three CRA's that the account information was in dispute.

29. Plaintiff alleges that Creditor should have corrected its past misreporting by notifying the CRA's that the prepetition debt was included in Plaintiff's bankruptcy petition. Plaintiff alleges that Creditor's failure to rectify its past misreporting violated 15 U.S.C. § 1681s-2(b)(1)(E).

30. Creditor's failure to correct the previously disclosed inaccuracies on Plaintiff's credit report was intentional and in reckless disregard of its duty to refrain from reporting inaccurate information. Consequently, creditor willfully and negligently failed to comply with its duty to investigate Plaintiff's dispute under 15 U.S.C. § 1681(n) & (o).

31. As a direct and proximate result of Creditor's willful and untrue communications, Plaintiff has suffered actual damages including but not limited to reviewing credit

COMPLAINT - 5

reports from all three consumer reporting agencies, traveling to and from Plaintiff's counsel's office, sending demand letters, continued impairment to her credit score, denial of credit, and such further expenses in an amount to be determined at trial.

32. As a further direct and proximate result of Creditor acts state herein, Plaintiff incurred pain and suffering, was impeded in seeking necessary products and services from vendors, additional credit from other credit agencies, suffered humiliation, embarrassment, anxiety, loss of sleep, emotional distress, and defamation of character.

33. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

### SECOND CAUSE OF ACTION
(Violation Of Consumer Credit Reporting Agencies Act
California Civil Code § 1785.25(a))
(Against Defendants Creditor and Does 1-100)

34. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

35. Creditor, in the ordinary course of business, regularly and on a routine basis furnishes information to one or more consumer credit reporting agencies.

36. Creditor intentionally and knowingly reported inaccurate and false information. Plaintiff alleges that Creditor continued reporting an inaccurate "charge off" notation on an account included in Plaintiff's bankruptcy discharge to Experian, Equifax, and Transunion. Plaintiff alleges Creditor's actions violated California Civil Code § 1785.25(a).

37. Creditor had reason to know continuing to report the "charge off" notation to all three CRA's was inaccurate. Plaintiff alleges that the disputes and the credit reporting resource guide provided Creditor with notice of its inaccurate reporting.

38. Creditor failed to notify consumer reporting agencies that the information Defendant provided such agencies, was inaccurate before the end of 30 business days, in violation of California Civil Code § 1785.25(a).

39. Creditor failed to correct inaccurate information provided to the agencies as described hereinabove in violation of California Civil Code § 1785.25(a).

COMPLAINT - 6

40. Creditor's communications of false information, and repeated failures to investigate, and correct their inaccurate information and erroneous reporting were done knowingly, intentionally, and in reckless disregard for their duties and Plaintiff's rights.

41. As a direct and proximate result of Creditors willful and untrue communications, Plaintiff has suffered actual damages including but not limited to reviewing credit reports from all three consumer reporting agencies, traveling to and from Plaintiff's counsel's office, sending demand letters, continued impairment to her credit score, denial of credit, and such further expenses in an amount to be determined at trial.

42. As a further direct and proximate result of Creditor acts state herein, Plaintiff incurred pain and suffering, was impeded in seeking necessary products and services from vendors, additional credit from other credit agencies, suffered humiliation, embarrassment, anxiety, loss of sleep, emotional distress, and defamation of character.

43. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

### THIRD CAUSE OF ACTION
(Unfair Business Practices Act
California Business and Professions Code § 17200)
(Against Defendant Creditor and Does 1-100)

44. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

45. Plaintiff brings this action in individual capacity and on behalf of the general public.

46. Creditor at all times relevant to this Complaint, was engaged in the business of collections and providing services on credit to qualified applicants.

47. Commencing on or about May 26, 2011 and continuing to the present, Creditor committed the acts of unlawful practices as defined by Business and Professions Code § 17200 and described in the above stated Causes of Action.

48. Creditor's acts and practices described above were unlawful under the California Civil Code § 1785.25(a) and therefore constitute unlawful practices within the meaning of Business and Professions Code § 17200.

49. These unlawful business practices of Creditor are likely to continue and therefore will continue to injure Plaintiff by inaccurate record keeping, failure to correct inaccuracies and erroneous dissemination of inaccurate information, and present a continuing threat to the public.

50. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

a. For preliminary and permanent injunctive relief to stop Defendants from engaging in the conduct described above;

b. Award $10,000 in statutory and actual damages pursuant to 15 U.S.C. § 1681n and California Civil Code § 1785.31;

c. Award attorney's fees and costs of suit incurred herein pursuant to 15 U.S.C. § 1681n & o; California Civil Code § 1785.31;

d. For determination by the Court that Creditor's policies and practices are unlawful and in willful violation of 15 U.S.C. § 1681n, et seq.; and California Business and Professions Code § 17200, et seq.;

e. For determination by the Court that Creditor's policies and practices are unlawful and in negligent violation of 15 U.S.C. § 1681o

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of this matter by jury.

SAGARIA LAW, P.C.

Dated: April 4, 2013     By: _____
Scott Sagaria, Esq.
Elliot Gale, Esq.
Attorneys for Plaintiff

COMPLAINT - 8

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among other forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

< ADR can save time. A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< ADR can save money. Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

< ADR provides more participation. Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< ADR provides more control and flexibility. Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< ADR can reduce stress. ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

< Mediation is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

< Mediation may be appropriate when:
    < The parties want a non-adversary procedure
    < The parties have a continuing business or personal relationship
    < Communication problems are interfering with a resolution
    < There is an emotional element involved
    < The parties are interested in an injunction, consent decree, or other form of equitable relief

< Neutral evaluation, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
    < The parties are far apart in their view of the law or value of the case
    < The case involves a technical issue in which the evaluator has expertise
    < Case planning assistance would be helpful and would save legal fees and costs
    < The parties are interested in an injunction, consent decree, or other form of equitable relief

-over-

ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION
CV-5003 REV 8/08

ATTACHMENT CV-5012

# CIVIL LAWSUIT NOTICE
**Superior Court of California, County of Santa Clara**
191 N. First St., San Jose, CA 95113

CASE NUMBER: _113cv244056_

**PLEASE READ THIS ENTIRE FORM**

**PLAINTIFF** (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

**DEFENDANT** (The person sued): You must do each of the following to protect your rights:
1. You must file a **written response** to the *Complaint*, using the proper legal form or format, in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

**Warning: If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

**RULES AND FORMS:** You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), www.scselfservice.org (Select "Civil") or from:
- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

**CASE MANAGEMENT CONFERENCE (CMC):** You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.

Your Case Management Judge is: **Honorable Mark H. Pierce**   Department: **9**

The 1st CMC is scheduled for: (Completed by Clerk of Court)
Date: **JUL 3 0 2013**   Time: **1:30 PM**   in Department: **9**

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
Date: _____   Time: _____   in Department: _____

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

**WARNING:** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

Form CV-5012 REV 7/01/08   CIVIL LAWSUIT NOTICE   Page 1 of 1